Argued and submitted April 9, reversed and remanded
with instructions July 11, reconsideration denied August 31,
petition for review denied October 9, 1984 (298 Or 68)

STATE ex rel PUBLIC EMPLOYES'
RETIREMENT BOARD,
*Appellant,*

*v.*

CITY OF PORTLAND et al,
*Respondents.*

(A 83-03-01854; CA A28836)

684 P2d 609

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for respondent City of Portland.

Richard M. Glick, Portland, argued the cause for respondent Portland Energy Conservation, Inc. With him on the brief was Rankin, McMurry, VavRosky & Doherty, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals from an order dismissing its petition for a writ of mandamus to compel defendants to report and remit to the Public Employes Retirement Fund the funds necessary to establish and maintain coverage for Portland Energy Conservation, Inc. (PECI) employes under the Public Employes Retirement System (PERS) and the Federal Social Security Act. We reverse and remand for issuance of a peremptory writ of mandamus.

PECI is a non-profit corporation established pursuant to an order of the Portland City Council to implement the private sector provisions of Portland's Energy Conservation Policy. It was incorporated on December 17, 1979, following approval by the council of its Articles of Incorporation and Bylaws. The Articles provide in part:

"*ARTICLE II:* The purposes for which the corporation is organized are:

"A.  To implement the private sector provisions of the City of Portland, Oregon, Energy Conservation Policy (Ordinance 148251) and any amendments thereto; and otherwise carry out the responsibilities assigned to it in Ordinance 148252 and any amendments thereto, and other ordinances which may be adopted by the governing body of the City of Portland pertaining to energy conservation or the corporation; and carry out responsibilities assigned to it by the Energy Commission of the City of Portland.

"B.  To promulgate administrative rules and procedures for (1) developing standards and criteria for energy audits, weatherization and retrofit requirements, and financing therefor; (2) conducting hearings to resolve disputes as to the standards and criteria or the findings of the energy auditor; (3) appealing the adoption of rules, regulations, standards or criteria, and decisions made following hearings, to the governing body of the City of Portland. All such rules, regulations, standards and criteria shall be made subject to approval of or amendment by the governing body of the City of Portland at its discretion.

"* * * * *

"*ARTICLE VI:* The provisions for the distribution of assets on dissolution or final liquidation are:

"A.  The corporation may be dissolved at any time by ordinance of the governing body of the City of Portland. The

corporation may also be dissolved at any time upon the adoption of a resolution to dissolve by a two-thirds (2/3) vote of the entire Board of Directors at any meeting for which thirty days' written notice of consideration of such action shall be duly given, both to all members of the Board of Directors of the corporation and to all members of the governing body of the City of Portland, Oregon.

"B.  Prior to the dissolution or liquidation of this corporation and after the payment of all its liabilities, all assets of the corporation, including real and personal property, shall be transferred to the City (or if the City is unable or unwilling to accept such assets, then to another body corporate and politic or agency or political subdivision of the State of Oregon to be selected by this corporation) free and clear of all liens and without consideration of any kind or nature, to be applied to any public purpose the City or other body may choose.

"* * * * *

"*ARTICLE VIII:* This corporation shall have no members, but shall be managed by a Board of Directors as provided by law, by these Articles of Incorporation and by the Bylaws. The Board of Directors shall consist of five Directors appointed by the governing body of the City. The regular term of office for each Director shall be four (4) years; provided, however, that all Directors shall serve at all times in the discretion and at the pleasure of the members of the governing body of the City, who upon a vote of a majority of all members of such governing body, in accordance with its usual procedures, at any meeting for which seven (7) days' written notice of consideration of such action shall be duly given to each member, may remove such Director and appoint a replacement to serve for the remainder of the removed Director's term. * * *"

PECI's principal source of funding is through a $3,000,000 urban development action grant made to the City of Portland by the United States Department of Housing and Urban Development. The city transmits the funds to PECI pursuant to an agreement between PECI and the city council. PECI also has received a $70,000 contribution from the city and approximately $228,000 from private sources. It has 12 employees, whose salaries are set by its board of directors. Its employees are not on the city's payroll, are not classified as civil service employees and do not share in the benefits available to city employes, such as retirement and pension benefits.

In March, 1983, plaintiff, acting through PERB, filed a petition for a writ of mandamus against PECI. PERB alleged that PECI is an agency of the City of Portland and a "public employer" under ORS 237.003(7) and, thus, is required to remit contributions on behalf of its employes to PERS. PECI maintained that it is a private employer outside the state retirement system. The trial court dismissed the petition, finding that PECI does not fit the statutory definition of "public employer." This appeal followed.

PERB argued to the trial court that, if PECI were found to be a public employer under ORS 237.003(7), it is required to make contributions to PERS. On appeal, PERB concedes that such a conclusion does not necessarily follow, because the statute does not require a public employer to participate in PERS. PERB now argues that PECI is required to make contributions on behalf of its employes because PECI is, in effect, an agency or alter ego of the City of Portland, which is a PERS participant. PECI contends that PERB has changed theories on appeal and that we should not now consider issues that were not raised below.

A review of the record convinces us that, even though both parties focused their arguments to the trial court on whether or not PECI fit the statutory definition of "public employer," the issue of the relationship between PECI and the City of Portland was raised below. Throughout, PERB has contended that PECI's employes are actually city employes employed by an instrumentality of the city. It was PERB's position at the trial court that "the control which the city exercises over PECI, the purposes of the corporation and the fact that the city funds the corporation are all factors which make PECI an instrumentality of the city." It remains its argument on appeal. Although the focus of it has changed, we find it to be sufficiently encompassed within the arguments advanced to the trial court for us now to consider it.

PERB contends that PECI's Articles of Incorporation establish PECI's alter ego relationship with the city. We agree. Article II A provides that PECI's purpose is to implement city policy and to carry out responsibilities assigned by a city agency. Article II B requires that all rules, regulations, standards, criteria and decisions of PECI be appealable to the city council. Article VI A provides that it may be dissolved at

any time by the city council. Article VIII provides that its directors are appointed by and serve at the pleasure of the city council. Given the degree of control that the city council possesses over PECI's affairs, we conclude that PECI is an instrumentality of the City of Portland.

Defendants argue that, despite the structure of the city's authority over PECI as set out in the Articles of Incorpration, it should be considered to be separate from the city, because it operates free of the city's control on a day-to-day basis. It points to the fact that, although the city council can replace directors at any time, it has chosen only to fill vacancies. We do not find this persuasive. It is not what the city council has done, but what it has the ability to do, that is the determinative factor.

We conclude that the employes of PECI are employes of the City of Portland for the purposes of PERS and Social Security coverage. Accordingly, the order of the circuit court is reversed and remanded for issuance of a preemptory writ of mandamus.

Reversed and remanded with instructions.