Argued and submitted April 3, reversed and remanded with instructions May 10, 1989

STATE OF OREGON,
Acting through the
Public Employes' Retirement Board,
*Appellant,*

*v.*

CITY OF PORTLAND,
*Respondent,*

*and*

PORTLAND ENERGY CONSERVATION, INC.,
Acting through its Board of Directors,
*Respondent Below.*

(A8303-01854; CA A48822)

773 P2d 7

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas R. Williams, Senior Deputy City Attorney, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Public Employes' Retirement Board (PERB) appeals from the judgment in this mandamus, that it brought to compel payment of employer and employe contributions due to the Public Employes' Retirement System (PERS) for employes of Portland Energy Conservation, Inc. (PECI) for the period from 1979 to 1984. *See* ORS 237.311.

In *State ex rel PERB v. City of Portland,* 69 Or App 117, 684 P2d 609, *rev den* 298 Or 68 (1984), an earlier appeal in the action, we reversed the trial court's dismissal of PERB's petition. We concluded that, although PECI is a non-profit corporation that is nominally unattached to the city government and although the employes were on PECI's payroll rather than the city's, PECI has an "alter ego relationship" with and is an "instrumentality" of the city. 69 Or App at 121-22. We held that the "employes of PECI are employes of the City of Portland for the purposes of PERS and Social Security coverage," 69 Or App at 122, and we remanded for issuance of a peremptory writ of mandamus.

On remand, the trial court directed the city to pay to the retirement fund the employer contributions that had become due during the relevant period, ORS 237.081, plus interest pursuant to ORS 237.301(1). PERB contends that the court erred by not also requiring the city to pay (1) the equivalent of the employe contributions that should have been transmitted during the period, ORS 237.071, (2) the equivalent of the earnings that would have been generated on the employer and employe contributions since they were payable and (3) interest on the employe contributions. As best we understand, the city does not dispute that, if it must pay the employe contributions, it must also pay interest on those amounts in accordance with ORS 237.301(1).

■ PERB's argument concerning the city's responsibility for the employe contributions has two facets. The first is that the city has enacted an ordinance that PERB construes to be an employer "pickup" of the PECI employe contributions pursuant to ORS 237.075. The second is that, even if the city has not picked up the employe contributions, it is obligated to pay them now because of its failure to withhold and transmit them after they were due. We agree with the second contention and, therefore, need not resolve the first.

ORS 237.071(2) provides:

"The contributions of each employe as provided in subsection (1) of this section shall be deducted by the employer from each payroll and transmitted by the employer to the board, which shall cause them to be credited to the account of the employe in the fund. Salary shall be considered earned in the month in which it is paid. The date inscribed on the paycheck or warrant shall be considered as the pay date, regardless of when the salary is actually delivered to the employe."

ORS 237.311 allows PERB to seek mandamus to compel public employers "to make such contributions to the retirement fund on account of such [employer's] employes" as are required by law. Although PERB's argument is more ornate, the essence of it is or could be that mandamus is available under the latter statute to require the payment of amounts that should have been transmitted pursuant to the former.

The city responds that PECI, rather than it, paid PECI employes' salaries during the relevant period, that no employe contributions were withheld and that there is therefore nothing to remit and no obligation to remit. Although there is some allure to that argument, we must reject it. Under *State ex rel PERB v. City of Portland, supra,* the city was required to perform as the employer of the PECI employes for the purposes of PERS. Deducting the contributions from their salaries and transmitting the contributions to PERB was part of the required performance. The city's contention comes to little more than that it cannot be required to perform an obligation now because it did not perform a corresponding obligation in the past.

The city also argues, *inter alia,* that requiring it to remit the equivalent of the employe contributions now would result in a windfall to the employes, because no contributions were deducted from their salaries. However, as PERB notes, there is no issue here about any recourse that the city may have to recover the contributions from the employes. The question is what the city is required to transmit to the retirement fund. We agree with PERB that transmittal of the equivalent of the PECI employe contributions is required.

We also agree with PERB that the city must pay the

fund the equivalent of the earnings that the employe contributions would have produced, had they been timely transmitted. OAR 459-10-135(3) provides:

"When required to invoice for employe contributions, or employer 'pick-up' of employe contributions, on wages paid in previous calendar years, or allocated to such years pursuant to ORS 237.003(8)(b), an amount equal to the earnings declared by the Board for those years shall be added to the member's individual and variable account and the amount charged to the employer."

We agree with the city, however, that neither that rule nor any other provision requires it to make up lost earnings on its delinquent employer contributions. PERB argues:

"By its terms, OAR 459-10-135(3) does not apply to lost earnings on employer contributions. There is no reason, however, to distinguish between employe and employer contributions. To the extent the system loses the earnings it would have made on the employer's contributions, the financial solvency of the system is diminished. The same principles that justify recovering the loss when the employer fails to make employe contributions apply equally when the employer fails to make employer contributions."

It may be correct that there is no reason to differentiate between the two kinds of contributions for purposes of requiring a delinquent employer to compensate the fund for lost earnings. However, PERB's concern must be addressed to the promulgator of the rule.

Reversed and remanded with instructions to issue peremptory writ of mandamus not inconsistent with this opinion.